IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SALAS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | 1:11-cv-01463 -AWI<br>(1:06-cr-00271-AWI)<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE WITH LEAVE TO AMEND<br><br>(Doc. 106) |

**INTRODUCTION**

Petitioner Daniel Salas ("Petitioner") has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For reasons discussed below, the motion shall be denied with leave given to Petitioner to amend the motion in accordance with the standards discussed below.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was indicted August 10, 2006, on charges of conspiracy to distribute and to possess with the intent to distribute methamphetamine, and possession of methamphetamine with intent to distribute. Petitioner signed a plea agreement in April 2007, pleading guilty to the conspiracy charge in exchange for the dismissal of the second charge and the government's recommendation of a sentence at the bottom of the applicable guideline range or a sentence of 63

months, whichever was greater. Doc. 69 at 4:25-26.  The plea agreement stipulated that "[t]he defendant ... waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under [28 U.S.C. §§] 2241 or 2255." Doc. 69 at 4:9-12.

The government also agreed, as a part of the plea deal, to recommend a 2-level reduction in Petitioner's offense level pursuant to U.S, Sentencing Guideline § 2D1.1(c)(6) provided that the probation office agreed that Petitioner met the criteria set forth in 18 U.S.C. § 3553(f)(1)–(5) and Petitioner had satisfied § 3553(f)(5) by completely and truthfully informing the government of the circumstances surrounding his offense. Doc. 69 at 4:47–5:6.  Defendants who meet the criteria under § 3553(f)(1)–(5) would also qualify for the "Safety Valve" provision under United States Sentencing Guideline § 5C1.2.  The Safety Valve, when it applies, mandates that the defendant's sentence be based upon the Sentencing Guidelines, rather than the statutory guidelines for the crime involved.  USSG § 5C1.2(a). The Sentencing Guidelines in these cases generally produce a sentence lower than the minimum under the statutory guidelines.

After the United States Probation Office submitted its presentence report, Petitioner's attorney submitted a sentencing memorandum, which argued that Petitioner met the criteria for the Safety Valve because he did not have more than one criminal history point under the sentencing guidelines, did not use violence or possess a firearm, played a minor role in the crime, and would be debriefed by the government in order to meet § 3553(f)(5) by the time of sentencing.

Petitioner was sentenced on September 10, 2007, to 120 months imprisonment — the minimum sentence under the statutory guidelines.  Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on August 31, 2011.  In the motion, Petitioner challenges his sentence on the grounds that the Safety Valve should have applied and argues that his counsel was ineffective in assisting him in the plea agreement, other steps of the proceedings, and in challenging the ultimate sentence.  To the extent the petition violates the one-year limitation on § 2255 motions,

Petitioner also argues for equitable tolling of the limitation.

## LEGAL STANDARD

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or that the sentence was in excess of the maximum authorized by law ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Courts must "construe pro se habeas filing liberally." *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003). In determining whether to grant a hearing on a § 2255 motion, "[t]he standard essentially is whether a movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). The motion may be summarily dismissed only where the petitioner's allegations, as viewed against the record, do not give rise to a claim for relief or are "palpably incredible or patently frivolous." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *Schaflander*, 743 F.2d at 717). The court may summarily dismiss a motion that states only bald legal conclusions without supporting factual allegations, or it may direct the petitioner to amend his motion to provide clarifying factual support. *See Sanders v. United States*, 371 U.S. 1, 19 (1963).

## DISCUSSION

**1. *Limitation period and equitable tolling***: Subsection (f) of § 2255 imposes a one-year period of limitation on motions made under the section. The period of limitation typically begins to run from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1); *Dodd v. United States*, 545 U.S. 353, 357 (2005). Final judgment was entered against Petitioner on September 10, 2007. Petitioner does not argue that a date other than that of final judgment should apply under § 2255(f). Petitioner filed the instant motion August 31, 2011, nearly four

3

years after final judgment was entered in his case.

Equitable tolling of the period of limitation is allowed where (1) petitioner has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in the petitioner's way. *United States v. Aguirre-Ganceda*, 592 F.3d 1043 (9th Cir. 2010).

Petitioner argues that extraordinary circumstances hindered him because "not only did appellate fail to file, but was deficient in failing to advise Petitioner about his legal options, including a Section 2255 Motion." In *Holland v. Florida*, the Supreme Court found that an attorney's failure to file a federal habeas petition despite his client's many requests to do so, and the attorney's failure to communicate with his client despite letters and phone calls seeking information could have constituted an extraordinary circumstance for purposes of equitable tolling. 130 S. Ct. 2549, 2564-65 (2010). In *United States v. Buckles*, however, the Ninth Circuit rejected equitable tolling where an attorney failed to file a requested motion relating to the § 2255 limitation period and ignored repeated attempts at communication because the petitioner failed to allege facts that would support the assertion that the attorney was the cause of the petitioner's untimely § 2255 motion. 647 F.3d 883, 889-90 (2011). Here, Petitioner does not make clear who failed to file what on Petitioner's behalf, and unlike in *Holland*, Petitioner does not allege that he requested that anything be filed on his behalf. Further, as in *Buckles*, Petitioner fails to make any allegations to support a showing that the alleged problems were the reason that Petitioner missed the period of limitation by three years. For these reasons, Petitioner has not alleged an extraordinary circumstance that would warrant equitable tolling.

Petitioner argues that he was diligent in pursuing his rights by "arranging to secure his transcripts and trial documents to file his section 2255 motion." Under some circumstances, a petitioner's persistent efforts to obtain his legal files and a great delay in gaining access to the files can be grounds for equitable tolling. *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004); *Spitsyn v. Moore*, 345 F.3d 796, 801-02 (9th Cir. 2003). But, Petitioner does not say how long it took to obtain his legal files, nor does he describe the efforts required to obtain them.

4

Petitioner's statements are too bare to allege the necessary grounds for equitable tolling; Petitioner will be given leave to amend his motion.

**2. *Waiver of post-conviction relief*:** Even had Petitioner's motion been timely, Petitioner would face the hurdle of the waiver he signed in his plea agreement, stating that "[t]he defendant ... waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under [28 U.S.C. §§] 2241 or 2255."

Such a waiver is generally enforceable if (1) the waiver encompasses the present motion, and (2) the waiver is knowingly and voluntarily made. *United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011) (quoting *United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009)). A waiver of appeal, however, does not foreclose claims of ineffective assistance of counsel that challenge the validity of the plea or the waiver. *Washington v. Lampert*, 422 F.3d 864, 871 (finding that the reasoning behind its holding applies equally to § 2254 and § 2255 claims).

Petitioner argues that his "lack of legal training makes it likely that he did not enter into plea voluntarily." But the plea agreement, made in compliance with Rule 11 of the Federal Rules of Criminal Procedure and signed by Petitioner, states in the pertinent waiver clause that Petitioner "knowingly" waived his rights to post-conviction relief, doc. 69 at 4:5, and a clause pertaining to the entire agreement states that "[t]he defendant and his attorney acknowledge that no threats, promises or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce defendant to plead guilty." *Id*. at 9:12-15. Petitioner's claim that his lack of legal training should void the plea agreement states no facts to rebut the clear language of the plea agreement indicating that Petitioner knowingly waived his right to post-conviction relief and that the entire agreement was not induced but made voluntarily. Petitioner has therefore not alleged sufficient facts to state a claim in light of the appeal waiver. Petitioner will, however, be given leave to amend the motion to provide specific factual

5

allegations to support his claim.

**3. *Ineffective assistance of counsel claims*:**[1]  To state a claim for ineffective assistance of counsel, the movant must allege facts to support a showing that (1) the attorney's performance was deficient — in other words, that it "fell below an objective standard of reasonableness" — and (2) the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 692 (1984). To demonstrate prejudice in the context of a plea, a movant must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner here makes several allegations based on ineffective assistance of counsel. Petitioner first alleges that his attorney failed to adequately counsel him regarding his guilty plea. An attorney "has the duty to advise the defendant of the available options and possible consequences and failure to do so constitutes ineffective assistance of counsel." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (internal quotation marks omitted).  But Petitioner here alleges no facts to indicate that his attorney neglected him, gave him erroneous information or failed to advise him of the consequences of his plea.  Petitioner states only that "Counsel failed to adequately counsel his client regarding plea of guilt." Doc. 106 at 22. This bald assertion is insufficient to state a claim.

Next, Petitioner alleges that "defense Counsel's egregious mistakes in not aggressively challenging the Government's breach of the guilty plea which, as the record demonstrates, Petitioners signed a Plea Agreement for 63 months imprisonment, but received over ten (10) years, is undeniably ineffectiveness of counsel." *Id*. at 22.  The plea agreement, however does not specify that the government would recommend a sentence of 63 months; rather, it agreed to

---

[1]  It is unclear whether all of Petitioner's ineffective assistance claims are intended to challenge the voluntariness of his plea agreement, and thus allowed under *Lampert* notwithstanding the appeal waiver.  Because none of Petitioner's allegations state a claim, the court takes no position on whether ineffective assistance claims outside of *Lampert*'s scope are barred by Petitioner's appeal waiver.

6

recommend a sentence of either 63 months or a sentence at the bottom of the applicable guideline range, whichever was greater. Doc. 69 at 4:25-26.  Moreover, the plea agreement specifies that "the sentencing Court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties ... ." *Id*. at 9:17-19.  Petitioner has therefore alleged no facts to support a showing that the plea agreement was breached.

Petitioner also appears to allege that his attorney's failure to object to prejudicial evidence before his guilty plea constitutes ineffective assistance because it put him in a position where he was forced to plead guilty. Doc. 106 at 22.  Petitioner does not say to what evidence he refers.  Petitioner also fails to plead facts to indicate that he ever considered pleading not guilty, or that the admission of this piece of evidence was a turning point in the decision to plead guilty.  Petitioner further alleges that his attorney provided ineffective assistance because the attorney failed to bring up the defenses of entrapment or entrapment by estoppel.  It is unclear from the motion when Petitioner expected his attorney to raise these defenses or whether this alleged deficiency played a role in Petitioner's decision to plead guilty.

Petitioner further implies that his attorney failed to properly investigate Petitioner's competency, *id*., and suggests that his attorney's alleged errors and cooperation with the government created a conflict of interest. *Id*. at 23.  Neither of these claims are direct allegations; rather, they are descriptions of facts or findings from other cases, with perhaps the implication that Petitioner's case includes similar facts.  Petitioner must allege the facts of his own case in order to sustain a claim under § 2255.  Once Petitioner has alleged his own facts, cases with similar facts may be used to support and give credence to his claims.  Citations are helpful, but not necessary; specific factual allegations supporting Petitioner's claims are essential.

Finally, Petitioner argues that his counsel was ineffective because the attorney did not ensure that the methamphetamine was tested to determine whether it was "L" or "D" type.  The United States Sentencing Commission deleted this distinction from the United States Sentencing Guidelines in 1995. USSG app. C, amend. 517.  Petitioner's crime, arrest, indictment and

7

conviction all occurred well after 1995, meaning the former distinction had no impact on Petitioner's case or his sentence. Petitioner, therefore, can make no claim for relief on this ground and the court will summarily dismiss Petitioner's allegation of ineffective assistance as to the distinction between "L" and "D" methamphetamine.

## CONCLUSION AND ORDER

For the foregoing reasons, the court ORDERS that:

1. Petitioner's motion to set aside, vacate or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED; and

2. Petitioner is granted leave to file an amended petition within 30 days of the issuance of this order.

IT IS SO ORDERED.

Dated:   August 6, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE