UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL SALAS,**<br><br>    Petitioner<br><br>  v.<br><br>**UNITED STATES OF AMERICA,**<br><br>    Respondent | **CASE NO. 1:11-CV-1463 AWI**<br>**1:06-CR-0271 AWI**<br><br>**ORDER CLOSING CASE** |

  Petitioner filed a habeas petition under 28 U.S.C. § 2255. The court found that the petition was untimely and Petitioner failed to show entitlement to equitable tolling. On the merits, Petitioner failed to justify setting aside a waiver of post-conviction relief and has not shown how counsel was ineffective. Petitioner was granted leave to file an amended complaint within thirty days. That deadline has now long past.

  Absent a certificate of appealability ("COA") from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." Chafin v. Chafin, 133 S.Ct. 1017, 1030 (2013). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2255 Proceedings Rule 11(a). A COA may issue only if "'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" In re Marciano, 708 F.3d 1123, 1133 (9th Cir. 2013), quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000). The issuance of a COA is a "rare step." Murden v. Artuz, 497 F.3d 178, 199 (2nd Cir. 2008) (Hall, J., concurrence). Reasonable jurists would not find it debatable that petitioner has failed to show justification for relief.

1    Accordingly, a Certificate of Appealability is denied. The Clerk of the Court is directed to
2 close the civil case (11-cv-1463).

IT IS SO ORDERED.

Dated:   October 3, 2014                              _____
                                                     SENIOR DISTRICT JUDGE